# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| STATE OF GEORGIA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:15-CV-0643-RWS |
| ANKH SESHMU ATUN, | : | |
| | : | |
| Defendant. | : | |
| | : | |
| | : | |
| | : | |

## ORDER

This case comes before the Court on Defendant's Notice of Removal [1]. After reviewing the record, the Court enters the following Order.

## Background

On March 4, 2015, Defendant Ankh Seshmu Atun removed his Gwinnett County State Court proceedings for speeding and driving without a valid driver's license in Norcross, Georgia.  (See Accusation, Dkt. [1] at 8, 10.) According to the Notice of Removal, Defendant is a member of the Aboriginal Republic of North America.  As a member of an aboriginal tribe, Defendant

asserts that he is also a U.S. citizen. See 8 U.S.C. § 1401(b) (providing that "nationals and citizens of the United States at birth" include "a person born in the United States to a member of an Indian, Eskimo, Aleutian, or other aboriginal tribe"). Defendant states that his aboriginal tribe is recognized by the U.S. Government. Defendant further contends that the State of Georgia lacks personal jurisdiction over him because he is not a resident of Georgia.

Although Defendant was arrested for driving without a valid driver's license in his possession, Defendant states that he showed both his Tribal Domestic and International Driver's Licenses to the officer. (See Licenses, Dkt. [2] at 5-6.) He removed his prosecution to this Court for determination of the validity of his driver's licenses. In addition, he filed a Motion to Dismiss [2] asserting that he did not violate Georgia law because he possessed a valid driver's license. He also argues that his speeding charge should be dismissed because speeding is not a threat to public safety.

## Discussion

"The district court may remand a case *sua sponte* for lack of subject matter jurisdiction at any time." Corporate Mgmt. Advisors, Inc. v. Artjen Complexus, Inc., 561 F.3d 1294, 1296 (11th Cir. 2009); see also 28 U.S.C. §

1447(c).  Moreover, federal removal jurisdiction must be strictly construed.  See Shamrock Oil & Gas v. Sheets, 313 U.S. 100, 108-09 (1941).

A criminal case can be removed from state to federal court under 28 U.S.C. § 1443 "if the action is against a person who is denied or cannot enforce in the state courts 'a right under any law providing for equal civil rights of citizens of the United States.' "[1]  Alabama v. Conley, 245 F.3d 1292, 1295 (11th Cir. 2001) (quoting 28 U.S.C. § 1443(1)).  A removal petition under § 1443(1) must satisfy a two-prong test.  Id.  "First, the petitioner must show that the right upon which the petitioner relies arises under a federal law 'providing for specific civil rights stated in terms of racial equality.' "  Id. (quoting Georgia v. Rachel, 384 U.S. 780, 792 (1966)).  Under the second prong, "the petitioner must show that he has been denied or cannot enforce that right in the state courts."  Id.  On the other hand, a state-court defendant's claim that "prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability or under statutes not protecting against racial

---

[1] In addition, 28 U.S.C. § 1442(a) provides that a state criminal prosecution may be removed to federal court if the defendant is an "officer . . . of the United States," an "officer of the courts of the United States," or an "officer of either House of Congress," and the prosecution is related to acts in performance of official duties or under color of office.  That provision is inapplicable here.

3

discrimination" is not a valid ground for § 1443 removal. Johnson v. Mississippi, 421 U.S. 213, 219 (1975). Therefore, "broad contentions of deprivation of equal protection and due process under the Fourteenth Amendment do not support removal of claims under § 1443(1)." Id.

Defendant claims that removal is proper so the Court can determine the validity of his driver's licenses. Moreover, he claims that the licenses were confiscated in violation of federal law providing foreign-state property located in the United States with immunity from attachment and execution. See 28 U.S.C. § 1609. Defendant further asserts that the State of Georgia violated his rights under various federal criminal statutes protecting foreign officials, the Supremacy Clause of the U.S. Constitution, and the Treaty of Watertown, which "was a mutual defense agreement between the fledgling United States and the St. John's and Mi'kmaq Indian tribes of Nova Scotia, Canada, which was entered into shortly after the signing of the Declaration of Independence in 1776." United States v. $7,000.00 in U.S. Currency, 583 F. Supp. 2d 725, 732 (M.D.N.C. 2008).

Defendant, however, fails to show that the laws upon which he relies arise under federal laws "providing for specific civil rights stated in terms of

4

racial equality." See Rachel, 384 U.S. at 792.  Nor does he show that he is a member of either of the tribes that were signatories to the Treaty of Watertown (assuming the treaty would even justify removal).  See El v. Redmon's Towing, No. 13-cv-00300, 2014 WL 2510552, at *2 (N.D. Ill. June 14, 2014) (stating, in a case in which a member of the Aboriginal Republic of North America sought a writ of replevin after his vehicle was seized when he was stopped for speeding and driving without a valid license, that the plaintiff failed to show he was a member of one of the tribes party to the Treaty of Watertown, and federal statutes protecting foreign entities did not entitle him to relief).

      Even if Defendant satisfied the first prong, Defendant wholly fails to show that he has been denied or cannot enforce those rights in the State Court of Gwinnett County.  "Generally, the denial of the petitioner's equal civil rights must be 'manifest in the formal expression of state law.' "  Conley, 245 F.3d at 1296 (quoting Rachel, 384 U.S. at 803).  Consequently, removal is only available when "the denial of the right can be clearly predicted."  Id.  Here, Defendant was arrested for driving without a license and speeding.  Enforcing such laws does not deny Defendant's equal civil rights.  And even if the arresting officer was mistaken in making the arrest, that is no ground for

5

removal, and Defendant can raise this defense, along with any others, in state court.  Consequently, removal under § 1443(1) was improper.

## Conclusion

For the foregoing reasons, the Court lacks subject matter jurisdiction over this action, and the Clerk is **DIRECTED TO REMAND** this case to the State Court of Gwinnett County.

**SO ORDERED**, this  6th  day of April, 2015.

_____

**RICHARD W. STORY**
United States District Judge